# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09CR188-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| MONICA VINSON SMITH, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the letter received March 8, 2010 from Defendant (document #12) to the Honorable Frank D. Whitney requesting new counsel on the grounds of ineffective assistance of counsel. The Court conducted a hearing on this matter on March 17, 2010.

Having fully considered the arguments, the record, and the applicable authority, the Court finds that there is no basis for removal of counsel for Defendant, as discussed below.

Defendant complained in her letter that defense counsel failed to investigate an error in the pretrial report regarding the number of times she failed to appear for court. Defense counsel stated at the hearing that she did investigate the issue, and that her investigator determined that Defendant failed to appear for court on two occasions rather than the eleven occasions which were reported. Defense counsel noted that after this information came to light, she filed a motion for bond reconsideration which this Court denied on December 21, 2009.

Defendant also complained in her letter that defense counsel had not provided a written plea offer from the U.S. Attorney. At the hearing, defense counsel stated that the U.S. Attorney's office has now given the Defendant a written plea offer which remains open until Friday, March 19 at 5 p.m. The Government warned Defendant at the hearing that this was the final plea offer and if the offer was not accepted by Defendant the Government would proceed to trial on all counts.

Finally, Defendant complained in her letter that defense counsel had not informed Defendant that she had the right to obtain a "plea agreement with Washington, D.C. when a plea agreement fails with the local U.S. Attorney Office." This claim is without merit and therefore is not a factor in the Court's determination.

At the hearing, defense counsel represented that she could effectively communicate with Defendant and would be glad to continue representing her in this case. Defendant acknowledged that she had received the written plea offer and that her primary concern with defense counsel was regarding the error in the pretrial report which has been addressed. It should be noted that at the end of the hearing, defense counsel made an oral motion for bond reconsideration which the Court denied.

Based on the above facts, the Court does not find that there is a basis for removal of counsel for Defendant.

The Clerk is directed to send copies of this Order to counsel for the parties; <u>and to the Honorable Frank D. Whitney</u>.

**SO ORDERED.**

Signed: March 18, 2010

David S. Cayer
United States Magistrate Judge